Thank you, Judge. May it please the court, you know, we've expended a lot of time, a lot of effort into these cases and, you know, I've spent a lot of sleepless nights thinking about these. The Kuster case, I always thought we'd be okay and speaking with, you know, my co-counsel, Dan Moore, who's probably done as many DWI revocations as anybody in the state and other attorneys that practice in that realm. You know, there was never a close call in our minds about the operation of the vehicle and we thought we were fine there. But this Mitch Wood case, this one is the one that troubles me the most because this case, you know, ordinarily I'm dealing with insurance policies, personal injury, things like that. But in this case, I think we're actually dealing with real justice and we're dealing with how the government is allowed to interact and treat its citizens and how an officer can just make up evidence against a citizen, ruin him, and under the trial court's ruling, if it's affirmed, that's where we are and he has no recourse. Mr. Lee, how do you get around that? My recollection is there's a facially valid warrant here. I mean, would you lay out for me how you get around that and the anti-arrest rule as it's referred to in other circuits, but we have the same rule here. Sure. A few reasons, Your Honor. One, he was never arrested under the warrant. Whenever he was stopped out in the county, it was discovered the warrant existed. He was asked to come back to the station by the deputy, Mr. Haynes. He was never placed in handcuffs. He was put in the front seat of the patrol car. They were talking the whole way there. He was never arrested pursuant to that warrant. He was not placed under arrest. I think everybody agrees in this case that he was not under arrest until Justin Wooten met them in the parking lot and arrested him for DWI at that point. So that's number one. Number two, the cases hold that you can't just make up evidence, even if there was a facially valid arrest, which we dispute he was arrested until he actually was by Justin Wooten. But there's the case from the Second Circuit, the Rick Yudy case, that holds even if you're arrested pursuant to a lawful arrest, if there's evidence that's just made up after the fact, then immunity does not attach. Whenever I was preparing for this case, I came across another Eighth Circuit case, the Winslow v. Smith, that I believe Judge Benton was on. In that case, that was one out of the state of Nebraska where officers were allegedly recklessly ignoring evidence that suggested innocence or systematically pressuring witnesses to manufacture false evidence. In that case, the court determined that if those types of allegations were true, then immunity did not attach. What we have in this case is conduct that is way, way worse than that. We actually have an officer... Gosh, the broken headlight's enough in Missouri to stop an arrest and give you a ticket and make you show up before a magistrate judge somewhere. Sure. We're not disputing the fact that he could have been arrested for those things whatsoever. We're not disputing that. The reason why we're here is because of the DWI and the fabricated evidence. That's why we're in this case. If he would have just been arrested for the headlight, if he would have just been arrested for the warrant, taken in, processed, and let go, we wouldn't be here. He wouldn't have a claim. He also wouldn't have lost his job as a superintendent. We have the Lester case. I know it's old, 1981, but it's still the law. It says the validity is determined by whether the arresting officer actually had probable cause, not by what the officer told the person. I'm paraphrasing a little bit, but I'm very close to the words. I don't know what they say, but whether the officer gave the arrested person the right reason for the arrest. Sounds to me like you can give them the wrong reason if you really, God and heaven, have actual cause. I think that's true, except whenever you depart from the realm of lawful police work. Whenever you depart from that and you start making up evidence, I think that's where the cases diverge, Judge. In fact, the Winslow case that you were on the panel for cited the Rick Yudy case and cited this particular portion. This is out of Winslow citing Rick Yudy that says, And I think that's what goes to the core of this case of what happened here, and that's why we're here. And I think the trial court in this case took a highly technical view that, hey, there's probable cause for any arrest. So long as that's there, it doesn't matter what happens afterwards. And I don't believe that's what the Eighth Circuit's precedent or precedents from other circuits says whenever you have an officer that's making things up. If that's true, then Justin Bruton could see me standing on a street corner, he could see me drop a gum wrapper on the ground and come up and arrest me for molesting a little kid. Is there a warrant for you at that time? No, but the same thing as having the headline. From the Dexter Municipal Court, as I understand. Go ahead. I'm sorry? I say from the Dexter Municipal Court, as I understand the fact. Correct. Or it could have been the headline. Either way. So if that's the case, then I could be arrested for anything. He can make up any charges, he can make up any evidence, so long as there is a valid reason for arrest. And we're not disputing the fact that there was a valid reason to arrest, it's just the fact that he makes up all this other stuff to ruin the guy after he gets him back to the jail. That is totally improper. I don't think that sort of action is protected under the law. Particularly after I saw the Winslow case out of the 8th Circuit that said immunity does not attach whenever officers start acting untoward and breaking the law or ignoring evidence. And again, what we have here is further removed. And worse than that, we have a guy making stuff up that didn't happen and forging evidence. And really, if that wasn't in this case, we wouldn't be here. But that's why we're here. And to say that Mitch Wood has no recourse for those acts, absolutely flat-out is completely off the job. To say that he has no recourse for that, I don't think that's supported by the law anywhere. Once you're in custody, I don't think the police can just start making things up. And we know that's what happened, and we're highly confident that it was Justin Wooten. Again, if that's the case, then anybody that's arrested can be charged with anything. And it just doesn't matter if there's evidence to support it or not. And what's more, the evidence doesn't support the arrest by Justin Wooten in this particular case. He had zero evidence of impairment. We know that Toby Haynes rode with him for approximately 15 minutes on the way back to the station. We know that prior to riding with him in an enclosed patrol car, they were out in the county and Mr. Haynes was observing Mr. Wood standing in front of his patrol car for quite some time. And during all of that, we know that Mr. Haynes had no concerns whatsoever that Mitch Wood was intoxicated. He never suspected it. Yet, whenever they arrive back at the station, they're met by Justin Wooten out in the parking lot. Justin Wooten takes over the investigation, something that's never happened to Toby Haynes before or since. And in a short time after that, Justin Wooten arrests Mitch Wood for DWI. And then we know later on a probable cause affidavit was forged. And we know that Justin Wooten didn't have enough information to arrest him because not only did he not make up evidence under his name, he made it up under somebody else's name. Mr. Lee, would you respond to Mr. Layden's position that impairment is not required for an arrest for DWI, even to have probable cause? Well, Your Honor, the Roka case that Mr. Henson was talking about cites the Hill v. Director of Revenue case, which is a case from 2014. And that case states that the relevant inquiry is whether or not the arresting officer had reasonable grounds for believing that the arrested person was driving while in either an intoxicated or drugged condition. So I think that's wrong. I mean, impairment is intoxication. There are synonyms under the law, in my view. What about the breathalyzer analysis that was done that indicated Mr. Wood's blood alcohol exceeded the legal limit? Well, in that regard, going back to Mr. Henson's point in the prior case, that is after the fact of the arrest. So it cannot be considered in the arrest. But what's more, if you if you watch the video and I don't know if the court has. I don't think I trust that result, Your Honor. Justin Wooten's qualifications to do it and apparently expired. So Toby Haynes was attempting to do it. He couldn't figure out how to do it. And there is a sort of shuffle there. And with all of the other evidence that's either been fabricated, forged or altered in this case, I certainly am not going to take the result of whatever they say it was at face value. And I would assume the jury won't either. Whenever we get down, if we're allowed to get to that point. So that's that's how I would address that. That result that they got from the breathalyzer. I'm sorry. Thank you. OK, you can continue. The law also says that it protects all of those officers in situations like this, or those that knowingly violate the law. We know that forging a probable cause affidavit is a violation of the law. So consequently, just by extension, Justin Wooten can't be protected by immunity in this particular case. If it is believed that he did forged evidence or make up evidence, he he is not afforded the right to do that. And that just makes sense. We do not want our police officers being able to, with immunity, make up evidence against individuals. And that's that's a pretty catastrophic result. The S.L. versus St. Louis Metro Police case stated that the right of access to courts for redress of wrongs is an aspect of the first amendment right to petition the government, which our court has recognized as fundamental to every citizen. In short, that's this is the sort of harm that the law is built to allow Mr. Wood to correct. And that's what we're attempting to do here. So with that, I'll just reserve the remainder of my time for rebuttal. Thank you. Thank you, Mr. Lee. Mr. Henson. May it please the court. I, again, and Keith Hudson and I represent the affiliate deputy Justin Wooten. Listening to Mr. Lee's argument makes me believe that he's involved in the case that I'm not, because none of what he is saying is what this case is all about. This is not a case of fabricated evidence for an arrest. It's not a case of qualified immunity or immunity of any kind. Simply, that is not the issue in this case. And what I want to direct the court to is a specific claim in this case. If you look in the complaint, Mr. Wood alleged a single cause of action pursuant to 42 U.S.C. section 1983 for Deputy Wooten allegedly falsely arresting him without probable cause in violation of the Fourth Amendment. That claim is in one count. It is entitled false arrest under the Fourth Amendment. The issue was codified by Mr. Lee on page 15 of the brief, and I'll quote this for the court. The issue is whether Wooten violated Wood's constitutional rights under the Fourth Amendment to be free from unreasonable seizure. That was the only claim asserted in the complaint. That was the only claim the district court analyzed, because that was all there was. And the district court found, based upon the undisputed facts, that the facts established probable cause to arrest Mr. Wood and therefore no violation of the Fourth Amendment occurred. That was not based upon qualified immunity, and in fact the district court specifically said there's no need in this case for me to analyze qualified immunity because probable cause existed for Mr. Wood's arrest. So based upon that, summary judgment was rendered in favor of Deputy Wooten. These claims that are being asserted now by Mr. Lee for the first time on appeal in this case, where he's tried to argue this in the briefs, where he didn't argue it in the summary judgment record. So it's the first time that he's bringing this up, seems to be arguing, and he continuously uses immunity in his argument and interchanges that word that Deputy Wooten doesn't deserve immunity. Well, he didn't get immunity in this case, and the fact of the matter is this was not an immunity case. He also tells the court in one breath, well, you can't consider what happened after the arrest, because that's not relevant, and then argues that this probable cause statement that allegedly Deputy Wooten forged should be considered by the court. Well, that happened a long time after the arrest, so anything that happened after the arrest should not be considered by the court on the issue of whether there was probable cause to arrest Mr. Wood for, one, a facially valid warrant. Mr. Lee has admitted in this argument, as well as he did so in the briefs, it's proper for a police officer to arrest somebody on a facially valid warrant, and there's no cause of action under 42 U.S.C. Section 1983 or the Fourth Amendment. That's exactly what happened here. It's undisputed. There was a facially valid warrant, as Judge Benton pointed out, from the Dexter Municipal Court, from my home territory, for the arrest of Mr. Wood. No claim was invalid. No argument is invalid. Mr. Wood admits that arrest warrant was outstanding at the time he was stopped by Deputy Haynes and at the time Deputy Wooten arrested him. Now, it is true, and we don't deny it, Deputy Wooten told Mr. Wood he was under arrest for driving while intoxicated. Wrong. Absolutely the wrong reason. And that's just what it was. But a subjective wrong reason, as this court has found on more than one occasion, and as the U.S. Supreme Court has found in Davenport v. Alford, you don't have to give a correct reason. You can give an incorrect reason as long as the facts establish there was probable cause to arrest the individual based upon the violation of some law. That's what the district court found. That is supported not only by precedent in the United States Supreme Court, but precedent from this court on more and in more than one decision, and even decisions Judge Benton after 1981. But the fact of the matter is, that doesn't count. What counts is, was there a probable cause to arrest Mr. Wood. Facially valid warrant, there was. Additionally, he also, and this is undisputed, and Mr. Lee admits it again in his argument, he was driving a vehicle with one operable headlight, an infraction under Missouri law. It is clear under federal law, you can be arrested, an officer has probable cause to arrest an individual for committing an infraction. It is clear under state law, 544.016 provides, you can be arrested for committing an infraction. That is an additional basis that provided probable cause for Mr. Wood's arrest in this case. Mr. Lee argues that somehow the case of Ricchetti, let me see if I can get the full name of that case, it's cited in the brief, that case in Ricchetti somehow changes these determinations. Well, I would ask the court to read Ricchetti closely, because there were two claims asserted in Ricchetti. One, the plaintiff claimed that he was arrested without probable cause, the same claim that was asserted in this case. And then two, he claimed he was deprived of a fair trial in violation of his due process rights because the police officers had coerced a false confession from him. The court in Ricchetti analyzed both of those issues, and lo and behold, just as in this case, the district court and court of appeals found there was probable cause for the plaintiff's arrest, so the officer did not have to face that claim. But the court found on the separate claim, a claim that he was denied a fair trial because of this due process violation of the officer's coercing a false confession, the court found that claim would go forward. Well, that claim is not in this case. I invite all three of you to read the complaint as much as you want to, and you will only find that it is a false arrest, a claim that it violated the Fourth Amendment as an unreasonable seizure without probable cause, and using the terms 14th Amendment due process and using the terms such as due process under the 14th Amendment doesn't change that. All it does is amplify the fact the 14th Amendment applies the Fourth Amendment to the states. The court didn't see it change, and if you read the complaint, it's a single cause of action in this case and no claim for a due process violation. Mr. Wood makes an argument in the brief that really makes no sense to me. I've been representing police officers and county governments, city governments for 37 years. I've never had anybody argue on appeal that the district court erred because they didn't consider qualified immunity for one of my officers. That's not generally an argument that is made. The argument generally is made, well, you shouldn't have given that officer qualified immunity, so I don't really understand that argument. There is nothing wrong with the district court not analyzing qualified immunity in this case for the simple reason of the facts that Mr. Lee has admitted in his oral argument, admitted in the brief, and the undisputed facts confirmed. There was probable cause to arrest Mr. Wood on a facially valid warrant and for operating a vehicle with one headlight, an infraction under Missouri law. Based upon those facts, the probable cause determination of the district court cannot be attacked. And it surely cannot be attacked that Mr. Lee is making admissions that he's made in this argument today. And this case is simply not a case about fabricated evidence. What did or did not happen after Mr. Wood's arrest simply is not relevant to this probable cause determination. And it's not relevant for the same reasons I gave the court partially, at least in the last case. Subjective motivations, ulterior motives have nothing to do with the fact was there a probable cause to arrest. There is no question in this case that probable cause existed. And for all of those reasons, and I see that I'm even going to get done early I think here, but we would ask this court to affirm the district court's judgment in favor of Deputy Wooten because Mr. Wood's arrest was supported by probable cause. That's the only claim he submitted in the complaint. The only claim he argued to the district court. And I guess I should, to be fair, I should mention the fact the district court did find that he attempted to make some kind of argument about an unreasonable delay in his processing. Might have violated some kind of due process right. But simply put, there was no evidence of that. There was no evidence submitted by Mr. Wood. There was no statement of material facts he submitted. There was no evidence submitted by us, of course, because we didn't know that he was going to make that argument. But the district court found it simply that wasn't supported by any evidence and in fact went back and looked itself at the record and found that he was stopped at like 1.34 in the morning. He testified he was released sometime between 6 a.m. and noon. And based upon those facts, it wasn't an unreasonable delay. And certainly that's true. As the district court cited the cases, up to two days you could hold somebody, generally speaking. So there was no evidence of that to support any purported due process violation, even though that was not alleged in the complaint. In this case, pure and simple, Mr. Lee has made arguments that make me believe, again, a different case than I've been involved in for two years, because none of that happened. And this case, based upon the district court's finding a probable cause, should certainly be affirmed for the reasons we put in the brief and Mr. Lee is admitted here today and put in their brief. Thank you, Mr. Hanson. Mr. Lee, your rebuttal? Yes, Your Honor. I'm somewhat puzzled how Mr. Hanson comes to the conclusion that he seems to argue that we've alleged that there was no probable cause for the arrest, period. Whereas paragraph 23 of the petition clearly states what our complaint, or part of the complaint is about, and that's about the DWI arrest. That paragraph says, no probable cause existed for the arrest and incarceration of plaintiff by defendant Wooten for the crime of driving while intoxicated. And then it goes on to talk about the forwarded probable cause affidavit and things like that. Again, I would reiterate, we're not here because the arrest for an inoperable headlight or a municipal warrant. We're here because he was arrested for DWI, a crime that was just totally made up by Justin Wooten. And it's made up and that's supported by all the evidence and facts that we've discovered in this case. And the court's own ruling in the Hedges v. Politis case provides that it is clearly established that the Fourth Amendment requires a truthful, factual showing sufficient to constitute probable cause. We don't have that here for the arrest for DWI. We're not even close to that. In fact, we've got a guy who's, again, taking the Fifth Amendment to those questions. So I'm not sure how the counsel on the other side of this case has arrived at the conclusion that we're making a complaint that there was no probable cause for arrest whatsoever, period. That is clearly not what is framed by the pleadings. It is clearly a complaint about the arrest for DWI. This court, you know, I think has the opportunity to say that if a police officer makes up evidence in the Eighth Circuit that that won't be tolerated and they waive immunity. The Ricchetti case does that. Other circuits have done that. And that's what we're asking this court to come to the conclusion of in this case and reverse the trial. We're asking this court to bring this case back for further proceedings on all the issues that are out there. So I appreciate your time. Thank you, Mr. Lee. Thank you also, Mr. Hanson. We appreciate counsel's presence and argument in these two cases. And we'll take both matters under advisement.